Case 4:23-cv-00388   Document 3   Filed on 02/16/23 in TXSD   Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
February 16, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DEONDRAY RAYMOND MASON,<br>TDCJ #2198087, | §<br>§<br>§ | |
| Petitioner, | §<br>§<br>§ | |
| v. | § | CIVIL ACTION NO. H-23-0388 |
| | § | |
| BOBBY LUMPKIN, Director,<br>Texas Department of Criminal<br>Justice - Correctional<br>Institutions Division, | §<br>§<br>§<br>§<br>§ | |
| Respondent. | § | |

## ORDER OF DISMISSAL

Deondray Raymond Mason (TDCJ #2198087) has filed a Petition for a Writ of Habeas Corpus by a Person in State Custody ("Petition")(Docket Entry No. 1), which purports to challenge a conviction from Ellis County, Texas, and "all" of the disciplinary convictions that he has received while confined in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ"). He has not paid the filing fee or submitted a properly supported application for leave to proceed in forma pauperis. The Petition will be dismissed without prejudice for the reasons explained briefly below.

Mason is presently incarcerated by TDCJ at the Preston Smith Unit in Lamesa, Texas.[1] Prison records show that he is serving a

---

[1] See Petition, Docket Entry No. 1, p. 1. For purposes of
(continued...)

seven-year sentence from Ellis County for burglary of a habitation in Case No. 42877C.[2] He provides no other details about the conviction and there are no public records showing that he has exhausted available state court remedies by way of direct appeal or collateral review as required by 28 U.S.C. § 2254(b). Likewise, Mason provides no information about the disciplinary convictions that he challenges, such as the case number or the date that the conviction was entered, stating only that they were entered against him at the following prison units: "Gurney, Byrd, Price Daniels, Clemmens, Bill Clements, [and] Preston Smith."[3]

Mason lists the following grounds for relief from his Ellis County conviction and his prison disciplinary cases: (1) "Conflict of Interest;" (2) "Fabricated and Falsified Evidence/Report;" and (3) "Ineffectiveness of Counsel Assistance."[4] He provides no facts in support of these grounds, directing the court instead to refer to "all documentary records pertaining to criminal records."[5] Where the form asks him for details about the timeliness of his Petition,

---

[1](...continued)
identification, all page numbers refer to the pagination imprinted by the court's Electronic Case Filing ("ECF") system.

[2]See TDCJ Offender Information, available at: https://inmate.tdcj.texas.gov (last visited Feb. 15, 2023).

[3]Petition, Docket Entry No. 1, p. 5.

[4]Id. at 6-7.

[5]Id.

2

Mason claims that he has "[n]ewly found evidence," which he does not describe, of "violations of the Americans with Disabilities Act, Civil Rights of Incarcerated Persons Act, Public Information Act, Rehabilitation Act, and Religious Land Use and Institutionalized Persons Act[.]"[6]

The pleadings are deficient for several reasons. Mason has not complied with Rule 2(e) of the Rules Governing Section 2254 Cases in the United States District Courts, which states that a petitioner seeking relief from multiple judgments must file separate petitions. Mason has further failed to comply with Rule 2(c) by supplying facts in support of each ground for relief. To the extent that Mason references the Americans with Disabilities Act and other statutes that have no clear connection to his criminal conviction or his prison disciplinary cases, claims that concern the conditions of confinement are not actionable in a habeas corpus proceeding. See Preiser v. Rodriguez, 93 S. Ct. 1827, 1841 (1973) (holding that the writ of habeas corpus is the only remedy for prisoners who challenge the "fact or duration" of their confinement and seek "immediate release or a speedier release from that imprisonment").

More importantly, jurisdiction over a habeas corpus petition filed in a Texas district court is proper in one of only two places: (1) the district in which the challenged state court

---

[6] Id. at 9.

3

conviction was entered; or (2) the district where the petitioner is incarcerated. See 28 U.S.C. § 2241(d); Wadsworth v. Johnson, 235 F.3d 959, 962 (5th Cir. 2000). Ellis County, where Mason's underlying conviction was entered, is located in the Northern District of Texas, Dallas Division. See 28 U.S.C. § 124(a)(1). The Preston Smith Unit, where Mason is currently confined, is located in Dawson County, which is in the Northern District of Texas, Lubbock Division. See 28 U.S.C. § 124(a)(7). As a result, this court has no jurisdiction to consider a challenge to Mason's underlying conviction or any of his disciplinary proceedings.

The district court for the district wherein an application for habeas corpus relief has been filed may, in the exercise of its discretion and in furtherance of justice, transfer the petition to another appropriate district court for hearing and determination. See 28 U.S.C. § 2241(d). Because the pleadings in this case are deficient and it further appears that Mason has not yet exhausted state court remedies with respect to his underlying conviction from Ellis County, the court concludes that a transfer would waste judicial resources and would not be in the interest of justice. Instead, the court will dismiss this action without prejudice to Mason refiling a habeas corpus petition that complies with the Rules Governing Section 2254 Proceedings in the proper jurisdiction.

4

Accordingly, the court **ORDERS** as follows:

1. The Petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) filed by Deondray Raymond Mason is **DISMISSED without prejudice.**

2. Mason may re-file a new habeas corpus Petition that complies with the Rules Governing Section 2254 Proceedings in the proper court.

3. A certificate of appealability is **DENIED**.

The Clerk will provide a copy of this Order to the petitioner.

**SIGNED** at Houston, Texas, on this 16th day of FEB, 2023.

---

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE